The Chief Justice
delivered the opinion of the court.
This was a motion to quash a replevy bond taken on a distress for rent arrear.
The case appeared, on the motion to be this:—James Hughs, who had been the tenant of the plaintiff in the warrant of distress, had departed this life before the issuing of the warrant, and the estate of Hughs remaining on the demised premises, was taken by virtue of the warrant before any administration had been obtained, and indeed before any court had intervened to grant administration. The replevy bond was executed by Humphreys, who was not tenant of any part of the premises, and by the widow of Hughs, who had not interfered with the estate otherwise than to keep it safely.
On this state of case the court overruled the motion to quash, to which exceptions were taken, and the case is brought to this court by an appeal.
The proceedings in this case having been had under the “act to amend the laws in force in this commonwealth, authorising proceedings by distress for rent.” 4 Littell, 271. Their correctness must be tested by the provisions of that act. By the first section, the right which the landlord before had of issuing his own warrant to make distress, is taken away, and he is required to obtain a warrant for that purpose from a justice of the peace; and to effect this, he is bound to “make oath to the amount of rent due and in arrear from the person on whom be intends to make distress.” The second section of the act provides “that no “property shall hereafter be liable to be distrained for rent, “unless the same shall belong to the person or persons against whom the distress warrant issued, or some sub-tenant on the land leased or rented.” And the sixth section gives to the person or persons whose property is seized by virtue of a distress warrant, a right at any time before *228 the sale of the same, to replevy for three months, on giving bond and security for the payment of the rent due.
Where a tenant dies intestate, the landlord cannot distrain for rent before administration be granted, provided there be no sub-tenant.
Haggin for plaintiff, Pope for defendant.
These are the only parts of the act which have any direct bearing upon the case, and from these we think the inference is clear, that where the tenant dies intestate, and there is no sub-tenant, the landlord cannot, before administration is granted, proceed to make distress.
The first section evidently implies that there must be some person against whom the distress warrant is to issue; and the second not only implies the same thing, but expressly exempts from liability to distress all property which does not belong to the person against whom the distress warrant issued, or to some sub-tenant.
But where the tenant dies intestate, and there is no subtenant, there is not only no person, before administration is granted, against whom the warrant can issue, but there is no property which is liable to distress. For it would be absurd to suppose that the warrant could issue against one who is dead, and still more absurd to suppose that the property which he left belongs to him. When his life ceases, his liability to legal process, and his rights to property, cease also. These, as to his personal estate, are transferred by law to his administrator, when appointed; and until the appointment is made, they remain in suspense or abeyance. It results, as a consequence, that the right to issue a warrant, and to distrain in such a case, must be suspended until administration shall be granted.
The sixth section of the act before referred to, tends to support the same conclusion. For the priviledge of replevying, which is given by that section, is secured only to the person whose property is distrained; and as, before administration is granted, there is no person to whom the property belongs, there is of course no person who could replevy.
To proceed to make distress, therefore, before administration is granted, would be incompatible with the right to replevy.
We are, therefore, of opinion that the proceedings in this case were irregular and unauthorised by the law under which they were had; and that the circuit court erred in refusing to quash the replevy bond.
The judgment must be reversed with costs, and the cause remanded, that a judgment may be entered quashing the replevy bond.